IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN MAURICE BRATCHER,

    Plaintiff,

v.                                         Civil Action No. 5:10CV90
                                                              (STAMP)
MRS. TINA TILLMAN, LPN,
Health Services Administrator,
Potomac Highlands Regional Jail
and MR. EDGAR L. LAWSON,
Chief of Operations,
West Virginia Regional Jail Authority,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, Kevin Maurice Bratcher, commenced this civil rights action by filing a complaint in the United States District Court for the Southern District of West Virginia. The case was later transferred to this Court because the plaintiff's complaint related to his medical care at the Potomac Highlands Regional Jail ("PHRJ"). The plaintiff brings this civil action against Mrs. Tina Tillman ("Tillman") and Mr. Edgar Lawson ("Lawson"), alleging that they refused to provide him with proper medical treatment at the PHRJ for the Baker's cyst on the back of his leg. The plaintiff further alleges that the defendants refused to take him to an "outside" doctor and that they refused to provide

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

him treatment because they were waiting for him to be transferred to a Division of Corrections facility.  The plaintiff seeks monetary damages for his pain and suffering, or in the alternative, a reduction in his sentence.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  On March 18, 2011, the magistrate judge conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate.  On April 18, 2011, defendant Lawson filed a motion to dismiss.[2]  The next day, defendant Tillman filed a motion to dismiss and alternative motion for summary judgment.  The plaintiff filed a response to defendant Tillman's motion on May 2, 2011.

On September 21, 2011, the magistrate judge issued a report and recommendation recommending that the defendants' motions to dismiss be granted and that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.  The parties filed no objections.  For the

---

[2]As the magistrate judge noted, Lawson's motion is styled as a motion to dismiss, but his memorandum is titled "memorandum in support of motion for summary judgment."

2

reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under any federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C.

§ 1915 to dismiss the case sua sponte. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may be addressed.[3] Inmates housed in a West Virginia Regional Jail facility must first file a grievance with the Administrator of the facility on an inmate grievance form provided by jail personnel. If unsatisfied with the Administrator's decision, an inmate may then file an appeal with the Chief of Operations. This appeal must be filed within five days of receipt of the Administrator's decision and must include a copy of both the initial complaint and the Administrator's decision. If still unsatisfied after the response from the Chief of Operations, an inmate may request, within five days of receipt of the decision, a review by the Office of the Executive Director.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

---

[3]The West Virginia Regional Jail and Correctional Facility Authority has promulgated its procedures through the publication of its "Handbook of Inmate Rules and Procedures," which contains an "Inmate Request and Grievance Procedure." W. Va. C.S.R. § 94-5-2.

4

function effectively without imposing some orderly structure on the course of its proceedings.").

In support of their motions to dismiss, the defendants rely upon the affidavit of John King II, Chief of Operations for the West Virginia Regional Jail and Correctional Facility Authority. Mr. King acknowledged that the plaintiff has written numerous letters concerning his dissatisfaction with the medical services he received, but Mr. King also revealed that the plaintiff's inmate correspondence and grievance appeal files do not contain any complaint that he was denied treatment, or that any jail personnel interfered with his ability to receive treatment.  This Court agrees that King's affidavit suggests that the plaintiff failed to exhaust his administrative remedies, but because the affidavit is neither signed nor notarized, it is appropriate to consider the merits of the plaintiff's claims.

B.  <u>Claims Against Defendant Lawson</u>

Even assuming the plaintiff properly exhausted his administrative remedies, this Court concurs that there are other grounds upon which the dismissal of the complaint is based. As the magistrate judge correctly noted, in a § 1983 action, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights," <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977) (quoting <u>Bennett v. Gravelle</u>, 323 F. Supp. 203, 214 (D. Md. 1971)), or where a subordinate acts pursuant to a policy or custom for

which the supervisor is responsible. <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1143 (4th Cir. 1982), <u>abrogated on other grounds by</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991). A supervisor may be liable under § 1983 if the following elements are established: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) that there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 813 (1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendant Lawson was personally involved in any alleged deprivation of the plaintiff's constitutional rights. Instead, the plaintiff merely claims that Lawson is responsible for his staff and their actions. However, the plaintiff's complaint does not contain the required elements for supervisory liability against defendant Lawson. Thus, the magistrate judge correctly found that the plaintiff fails to state a claim against defendant Lawson. Moreover, because non-medical personnel may rely on the opinion of medical staff regarding the proper treatment of inmates, Lawson could rely on the

6

decision by medical staff to treat the plaintiff with analgesics instead of surgery. See <u>Miltier v. Beorn</u>, 896 F.2d 848, 854 (4th Cir. 1990).

C. <u>Claims Against Defendant Tillman</u>

The plaintiff's claims against defendant Tillman, the Health Services Administrator for PrimeCare Medical of West Virginia, Inc., also center around the treatment of the cyst on the back of his leg. As the magistrate judge stated, to succeed on an Eighth Amendment claim for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. <u>Id.</u> at 303. However, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

7

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

After detailing the plaintiff's treatment history with regard to his cyst, the magistrate judge concludes that the plaintiff cannot satisfy the subjective component of his Eighth Amendment claim because there is no evidence that any of the medical staff at the PHRJ treated him with deliberate indifference. In fact, defendant Tillman indicates that the plaintiff was seen at sick call each time he made a request. The medical staff also gave the plaintiff pain medication and took x-rays. Although the plaintiff believes that his Baker's cyst must be removed, that fact that he prefers a different treatment does not give rise to an Eighth Amendment violation. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). The Fourth Circuit has stated that the medical care required need not be the best possible care, instead, it only has to be reasonable care. See Vinnedge, 550 F.2d at 928.

To the extent the plaintiff may be seeking to establish a medical negligence claim, the magistrate judge correctly notes that

he must comply with West Virginia law.  Specifically, he must establish that:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) Such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3(a).  Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued.  See W. Va. Code § 55-7B-6 (setting forth the prerequisites for filing an action against a health care provider).  Compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court.  See Stanley v. United States, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

Not only has the plaintiff failed to meet the requirements of West Virginia Code § 55-7B-6, but he has also failed to establish the standard of care for the diagnosis or treatment of a Baker's cyst or osteoarthritis.  As the magistrate judge stated, under the circumstances of this case, the plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendants' alleged breach of the duty of care.  This Court finds no clear error in the magistrate judge's determination that the plaintiff's Eighth Amendment claim against defendant Tillman should be dismissed.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, defendant Lawson's motion to dismiss is GRANTED, defendant Tillman's motion to dismiss and alternative motion for summary judgment is GRANTED, and the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      October 17, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE